IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH AUGUSTINE,                      No   C-04-0624 VRW

    Plaintiff,                       ORDER

    v

MARIN COUNTY,

    Defendant.
_____/

        Plaintiff failed to oppose defendant's motion for summary judgment (Doc #20) in a timely fashion, and the court ordered plaintiff to show cause (Doc #22) why defendant's motion should not be treated as unopposed. Plaintiff has responded to the order to show cause. Doc #24. Liberally construing plaintiff's response, the court detects several discrete arguments interwoven throughout the response. The court addresses them seriatim.

        Plaintiff asserts that his failure to respond in a timely fashion was due to time pressure:

> I was not served the defendant's motions until March 17, 2005 * * *. I am not an attorney and it seems extremely short notice to be expected

>   to reply in the two weeks before the March 31,
>   2005, hearing * * *.  I am not yet finished and
>   thought I had until the April 21, 2005 date as
>   noticed on the defendant's documents.

Pl Resp (Doc #24) at 1:19-26.  This evidences an utter ignorance of the rules of procedure in this court, an ignorance to which no one -- pro se or counseled -- is entitled.  All parties in this court must comply with the court's rules.  See <u>King v Atiyeh</u>, 814 F2d 565, 567 (9th Cir 1987) (noting that "[p]laintiff should be aware that although he is * * * representing himself in this action, he is nevertheless obligated to follow the same rules as represented parties").  See also Civ L R 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").  Plaintiff states, "I am not an attorney.  I should not be held to the same standard as an attorney * * *."  Pl Resp (Doc #24) at 5:10.  But the rules say otherwise:  Plaintiff is, and will continue to be, held to the same standard as an attorney.

In fact, plaintiff's failure to oppose in a timely fashion cannot even be explained by ignorance of the rules, for the court's scheduling order of January 19, 2005, explicitly stated that "[p]laintiff's opposition is due on or before March 31, 2005." Doc #19 at 1:26.  In any event, to clear up, perhaps, some of plaintiff's confusion:  The April 21, 2005, date was a <u>hearing</u> date.  As provided in Civ L R 7-2(a), motions must be filed not less than 35 days before the hearing date.  March 17, 2005, was 35 days before April 21, 2005.  Under Civ L R 7-3(a), an opposition to a motion is then due 21 days before the hearing date -- in this

2

1  case, March 31, 2005.  Even passing familiarity with the local
2  rules would have apprised plaintiff of this system.  The court
3  admonishes plaintiff to obtain copies of the Federal Rules of Civil
4  Procedure and the Civil Local Rules for the Northern District of
5  California.  The court will not excuse any further noncompliance
6  with applicable rules of procedure.
7           Plaintiff also contends that he has been unable to enter
8  the courthouse building because he "decline[s] to obtain either a
9  driver's license or identification card from any state agency."  Pl
10 Resp (Doc #24) at 2:3.  The court recognizes the
11 "fundamental [constitutional] right of access to the courts."
12 Tennessee v Lane, 124 S Ct 1978, 1994 (2004).  It would be
13 troubling indeed to prevent plaintiff from attending hearings in
14 this matter simply because he lacks a government-issued
15 identification card.  But this is irrelevant to the question
16 whether plaintiff is able to serve and file timely opposition
17 papers, something that can be accomplished by using the mails.
18 See, e g, FRCP 5(b)(2)(B) (permitting service of papers by mail);
19 Civ L R 5-1(a) (describing procedure for filing original document
20 with the clerk of court).  Moreover, the court is unaware of any
21 hearing or other proceeding in this case that plaintiff has been
22 unable to attend.  (Plaintiff represents that he desires to attend
23 e-filing training, Doc #24 at 2:9-10, and oral arguments in other
24 cases, id at 2:6-8, but neither of these concern matters over which
25 the undersigned has jurisdiction by virtue of this case, which is
26 not designated for e-filing and in which there has been no oral
27 argument.)  Should plaintiff need to attend an in-court hearing in
28 this matter in the future, he may apply to the court for an order

3

1   directing the Marshal to allow him to enter the building.

2   　　　　Plaintiff also discusses his inability to obtain certain
3   records he believes will be relevant to this case.  Although
4   plaintiff's filing does not satisfy the procedural requirements of
5   FRCP 56(f), he does appear to advance a Rule 56(f)-like argument
6   that he should be permitted additional time to gather evidence to
7   oppose defendant's motion for summary judgment.  The court will
8   consider this argument in deciding whether to entertain or continue
9   defendant's summary judgment motion.  For present purposes,
10  however, the issue is beside the point; plaintiff could have timely
11  come forward with a Rule 56(f) affidavit.  His lack of evidence
12  does not excuse his failure to file a timely opposition.

13  　　　　Plaintiff also asks the court to "allow [him] sufficient
14  time to acquire assistance in the prosecution of this matter."  Pl
15  Resp (Doc #24) at 6:28.  This may refer to plaintiff's Rule 56(f)-
16  like argument described in the preceding paragraph.  Or it may
17  refer to plaintiff's interest in obtaining representation.  This,
18  again, does nothing to explain why plaintiff was unable to file a
19  timely opposition.  Moreover, the court declines plaintiff's
20  invitation to put this case on hold.  Plaintiff has filed a
21  lawsuit; he must now prosecute it.

22  　　　　Finally, plaintiff offers argument on the merits of
23  defendant's motion for summary judgment.  Having found no ground on
24  which to discharge the order to show cause, the court could in its
25  discretion decline to consider this material.  Nonetheless, in
26  light of the strong policy favoring resolution of disputes on the
27  merits, the court will consider plaintiff's submission in ruling on
28  defendant's motion for summary judgment.  Plaintiff will not,

**4**

however, be permitted to file further papers in opposition to defendant's motion.

                              * * *

Accordingly, the order to show cause (Doc #22) is DISCHARGED to the extent that the court will consider plaintiff's response (Doc #24) in ruling on defendant's motion for summary judgment (Doc #20).  Defendant may file a reply by April 29, 2005, upon which the matter will be deemed submitted and the court will issue a written decision without a hearing.

              IT IS SO ORDERED.


                          /s/
                          VAUGHN R WALKER
                          United States District Chief Judge

5