IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH AUGUSTINE,                          No   C-04-0624 VRW

    Plaintiff,                              ORDER

    v

MARIN COUNTY,

    Defendant.
_____/

    Plaintiff brings suit against defendant based on events that led to his jailing for two days in the Marin County jail. Defendant moves for summary judgment. Doc #20. Plaintiff failed to file a timely opposition and the court ordered plaintiff to show cause why defendant's motion should not be treated as unopposed. Doc #22. Plaintiff responded, Doc ##24, 26, and the court agreed to consider plaintiff's response in ruling on the summary judgment motion. Doc #25. Defendant has filed a reply, Doc #28, and the motion is now ripe for adjudication. For the reasons that follow, the court GRANTS defendant's motion for summary judgment.

/

I

As the nonmoving party facing a motion for summary judgment, plaintiff is entitled to have all evidence construed in the light most favorable to him. <u>Anderson v Liberty Lobby</u>, 477 US 242, 255 (1986). Accordingly, to the extent there are disputes about issues of fact, the factual recitation that follows presents the factual record in plaintiff's favor.

During a traffic stop on December 9, 2002, plaintiff was arrested for having no license, for turning right on a red arrow and for failing to provide proof of insurance. Augustine Decl (Doc #26) Ex 2 at 2.[1] He was arraigned that day and released on his own recognizance. The matter was continued to December 12, 2002, at 9:00 am. Plaintiff (along with an acquaintance who styles himself "Robert-John:Foti") was present at the Marin superior court's December 12, 2002, calendar, but his case was never called. Augustine Decl (Doc #26) ¶3; Ex 3 at 14, 16. Plaintiff pursued the matter with the clerk of court, but received no explanation for why his case was not called (or what he should do next). Id Ex 3 at 14-17.

Nonetheless, a bench warrant was issued on January 9, 2003, by Judge Graham of the Marin superior court for plaintiff's arrest. Id Ex 3 at 19; Licatovich Decl (Doc #21) ¶4, Ex B. The warrant was executed on January 26, 2003, by

---

[1] The pages of plaintiff's declaration and the exhibits thereto are unnumbered. The cited pagination refers to sequential numbering of the pages.

2

officer Kasrack of the San Rafael Police Department (SRPD). Id ¶¶4-5, Exs A, C; Pl Opp (Doc #24) at 4; Augustine Decl (Doc #26) Ex 3 at 29. Plaintiff was turned over to the custody of the Marin County jail, where he was held for two days before being released on bail. Id Ex 3 at 24-25, 27; Licatovich Decl (Doc #21) ¶4. The substantive charges against plaintiff were dismissed a few weeks later on procedural grounds. Augustine Decl (Doc #26) Ex 3 at 37.

Plaintiff's amended complaint, Doc #3, which appears to seek relief both under state tort law and 42 USC § 1983, contains three causes of action. First, plaintiff seeks to have his "original traffic arrest file" made available to him. The second cause of action is for "false arrest," on the ground that there was not probable cause to arrest him because the bench warrant was issued despite the fact that he was in court at the time he was told to appear. The third cause of action is for false imprisonment. Marin County is the only named defendant.

## II

### A

In reviewing a summary judgment motion, the court must determine whether genuine issues of material fact exist, resolving any doubt in favor of the party opposing the motion. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 US at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

1  of summary judgment."  Id.  And the burden of establishing the
2  absence of a genuine issue of material fact lies with the moving
3  party.  <u>Celotex Corp v Catrett</u>, 477 US 317, 322-23 (1986).  When
4  the moving party has the burden of proof on an issue, the party's
5  showing must be sufficient for the court to hold that no reasonable
6  trier of fact could find other than for the moving party.
7  <u>Calderone v United States</u>, 799 F2d 254, 258-59 (6th Cir 1986).
8  Summary judgment is granted only if the moving party is entitled to
9  judgment as a matter of law.  FRCP 56(c).

10         The nonmoving party may not simply rely on the pleadings,
11 however, but must produce significant probative evidence supporting
12 its claim that a genuine issue of material fact exists.  <u>TW Elec
13 Serv v Pacific Elec Contractors Ass'n</u>, 809 F2d 626, 630 (9th Cir
14 1987).  The evidence presented by the nonmoving party "is to be
15 believed, and all justifiable inferences are to be drawn in his
16 favor."  <u>Anderson</u>, 477 US at 255. "[T]he judge's function is not
17 himself to weigh the evidence and determine the truth of the matter
18 but to determine whether there is a genuine issue for trial."  Id
19 at 249.

20

21                                  B

22         Plaintiff's first cause of action -- by which he seeks to
23 obtain the court records of his arrest and prosecution for traffic
24 violations -- is moot.  As plaintiff himself states in the filing
25 that contains those records:

26         I have attempted to obtain records from the
           Marin County Court Records Department at least
27         10 times over the last 2 years, and only
           yesterday, at approximately 2:30 PM was I able
28         to obtain a partial copy of the criminal file

> in which I was arrested, and subsequently released. I had to go back today and obtain a complete copy of my file, and get it certified.

Augustine Decl (Doc #26) ¶1. Accordingly, the first cause of action is DISMISSED as moot.

### C

The second cause of action, which is for false arrest, fails as against the named defendant because it is undisputed that the SRPD, not Marin County, arrested plaintiff. Accordingly, summary judgment is GRANTED in favor of defendant on the second cause of action.

### D

The court will consider plaintiff's third cause of action, which he designates as false imprisonment, under both California tort law and as a Fourth Amendment violation actionable under 42 USC § 1983. Under both regimes, an individual or entity that in good faith relies on a facially valid arrest warrant is not liable for false imprisonment or an illegal seizure.

Cal Civil Code § 43.55 provides that "[t]here shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant." Under Cal Penal Code § 4015(a), "[t]he sheriff shall receive all persons committed to jail by competent authority." Failure to fulfill this duty is a felony under Cal Penal Code § 142(a). Cal

5

Case 3:04-cv-00624-VRW   Document 29   Filed 05/18/05   Page 6 of 9

1  Penal Code § 847(b) provides that "[t]here shall be no civil
2  liability on the part of, and no cause of action shall arise
3  against, any peace officer * * * acting within the scope of his or
4  her authority, for false arrest or false imprisonment arising out
5  of any arrest * * * made pursuant to the requirements of Section
6  142 * * *."  Of course, by their terms these sections apply to
7  individuals, not public entities such as defendant, but public
8  entities are liable for the torts of their employees only on a
9  respondeat superior theory, and if the employee is not liable (e g,
10 because he is immune), then neither is the employer entity.  See
11 Cal Gov't Code § 815.2(a)-(b).

12          As for federal law, an official has qualified immunity
13 from suit unless a reasonable officer would have known that the
14 warrant was invalid.  See <u>Malley v Briggs</u>, 475 US 335, 344-45
15 (1986), cited in <u>Groh v Ramirez</u>, 540 US 551, 565 & n8 (2004).
16 Hence, the federal and state law to be applied here are roughly
17 congruent and thus turn on the same factual issues.

18          The bench warrant here at issue, Licatovich Decl (Doc
19 #21) Ex B, was facially valid and a reasonable officer would not
20 have known otherwise.  Plaintiff identifies nothing deficient about
21 the warrant besides his contention that an affidavit establishing
22 probable cause for the warrant's issuance should have been attached
23 to the warrant.  But plaintiff cites no authority for such a
24 requirement, and indeed there is no such requirement.  To be sure,
25 warrants may only be issued if "supported by Oath or affirmation,"
26 US Const Amend IV, and there is a jurisprudence interpreting this
27 requirement in the context of bench warrants, see Wayne R LaFave,
28 <u>Search & Seizure</u> § 5.1 n377 (West, 4th ed).  But none of that is

6

important here; there is no attachment requirement, the warrant was facially valid and defendant and its agents were entitled to rely on the warrant.  Furthermore, there is no evidence to suggest that anyone from the SRPD or Marin County did not act in good faith.

There is an alternative ground for granting summary judgment in defendant's favor on the federal claim.  Local governments -- such as defendant -- are "persons" subject to liability under 42 USC § 1983 only where official policy or custom causes a constitutional tort.  See <u>Monell v Department of Social Services</u>, 436 US 658, 690 (1978).  A city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.  See <u>Board of County Commisioners v Brown</u>, 520 US 397, 403 (1997); <u>Monell</u>, 436 US at 691; <u>Fuller v City of Oakland</u>, 47 F3d 1522, 1534 (9th Cir 1995).  Rather, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference (or worse) to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See <u>Plumeau v School District #40</u>, 130 F3d 432, 438 (9th Cir 1997).

Plaintiff has put forward no evidence of any policy of defendant that caused the putative constitutional deprivation here; at most he alleges that defendant was somehow negligent in failing to train its officers regarding the law, but he provides no evidence to support this assertion.

Accordingly, summary judgment in GRANTED in defendant's

favor on plaintiff's third cause of action.

### III

Plaintiff has indicated that he wishes to amend his complaint to include additional defendants such as California, the SRPD, the arresting officers and Scott Licatovich (a recordkeeper for the Marin County jail, see Licatovich Decl (Doc #21) ¶1-2). Pl Opp (Doc #24) at 5.

"[A] party may amend the party's pleading * * * by leave of court * * * and leave shall be freely given when justice so requires." FRCP 15(a). The Ninth Circuit directs district courts to apply the policy of Rule 15(a) with "extreme liberality." Morongo Band of Mission Indians v Rose, 893 F2d 1074, 1079 (9th Cir 1990) (citing DCD Programs, Ltd v Leighton, 833 F2d 183, 186 (9th Cir 1987)). This liberality, however, is "subject to the qualification that amendment of the complaint [1] does not cause the opposing party undue prejudice, [2] is not sought in bad faith and [3] does not constitute an exercise in futility." DCD Programs, 833 F2d at 186 (internal citations omitted).

The relevant qualification here is the potential futility of plaintiff's desired amendments. "A proposed amendment to a complaint is 'futile only if no set of facts can be proved under the amendment * * * that would constitute a valid and sufficient claim.'" Fischer v City of Portland, 2003 US Dist LEXIS 25613, *6 (D Ore 2003) (quoting Sweaney v Ada County, Idaho, 119 F3d 1385, 1393 (9th Cir 1997)). "A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended

8

1 complaint would be dismissed for failure to state a claim under
2 [FRCP] 12(b)(6)." Id.
3       Here, the court's holding necessarily establishes that an
4 amendment to add the SRPD, SRPD officers or Marin County personnel
5 would be in vain; all were entitled to rely on the facially valid
6 warrant, both in arresting and in imprisoning plaintiff.  Claims
7 against California would be barred by sovereign immunity.  See,
8 e g, Hans v Louisiana, 134 US 1 (1890).  Accordingly, plaintiff may
9 not amend his complaint to add any of these defendants.  As
10 plaintiff does not seek to add other defendants, the clerk is
11 DIRECTED to enter judgment and close the file.

### IV

      In sum, defendant's motion for summary judgment (Doc #20)
is GRANTED and the clerk is DIRECTED to ENTER JUDGMENT in favor of
defendant, close the file and terminate all motions.

      IT IS SO ORDERED.

      VAUGHN R WALKER

      United States District Chief Judge